# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **MARVIN X. DAMON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 1:15-02216** |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 4), filed on February 25, 2015. By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 8.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 12.)

## FACTS AND PROCEDURE

On February 25, 2015, Plaintiff, acting *pro se* and formerly incarcerated at FCI McDowell, filed his Application to Proceed *in Forma Pauperis* and Complaint claiming entitlement to relief pursuant to Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*.[1] (Document Nos. 1 and 4.) In his Complaint, Plaintiff names the United States as the Defendant. (Document

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 1, p. 1.) Plaintiff complains that prison staff acted negligently by failing to label the salad dressing placed on the food bar in October, 2013. (Id., p. 11.) Plaintiff explains that he "is a practicing Muslim and a member of the Nation of Islam." (Id., p. 5.) Thus, Plaintiff contends that proper labeling of the salad dressing was necessary for him to determine if the dressing contained pork or a pork byproduct. (Id.) Plaintiff alleges that in October, 2013, prison staff poured the salad dressing into four-inch pans and placed the dressing on the food bar without labeling or identifying the salad dressing. (Id., p. 11.) Plaintiff argues that prison staff violated prison policy by failing to label the salad dressing.[2] (Id.) As a result of prison staff's negligence, Plaintiff alleges that he consumed the unidentified salad dressing that contained pork or pork byproducts in violation of his religious beliefs. (Id.) Plaintiff asserts that "the FTCA renders the United States liable for the neglect acts of its employees that were committed while acting within the scope of their

---

[2] Plaintiff claims that prison staff failed to comply with Program Statement ["P.S."]4700.06, Chapter 8 § 4. The foregoing policy section, however, deals with "Food Safety – Protection After Receiving." Specifically, P.S. 4700.06, Chapter 8 § 4 provides as follows concerning "Food Storage Containers Identified with Common Name of Food":

> Working containers holding food or food ingredients that are removed from their original packages will be identified with the common name of the food, except that containers holding food that can be unmistakably recognized, such as dry pasta, need to be identified.

The foregoing section does not deal with service of food on the food bar, but with "working containers holding food or food ingredients" for the purposes of food storage. Clearly, the foregoing policy section is inapplicable to Plaintiff's claim. The undersigned notes that P.S. 4700.06, Chapter 8 § 16 provides as follows concerning "Self-Service Operations":

> Self-service operations such as buffets or salad bars for ready-to-eat foods are provided with sneeze guards, utensils, or dispensing methods that protect food from contamination and are monitored by employees trained in safe operating procedures.
>
> Self-serve salad/hot bars may not be used unless food is protected from contamination by being kept in dispensers designed to provide protection, protected displays provided with the proper utensils to prevent the handle from coming into contact with the product, original containers designed for dispensing, or individual packages or portions.

Again, the foregoing policy does not mandate the labeling of food items placed on the food bar.

employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[3] (Id, p. 12.) As relief, Plaintiff requests monetary damages. (Id.)

As Exhibits, Plaintiff attaches a copy of the following: (1) A copy of his "Request to Staff" dated December 5, 2013 (Id., p. 13.); (2) A copy of John Bowling's Response dated January 14, 2014 (Id., p. 14.); (3) A copy of the "Rejection Notice – Administrative Remedy" from the Administrative Remedy Coordinator at FCI McDowell dated February 3, 2014 (Id., pp. 15 - 16.); (4) A copy of the "Rejection Notice – Administrative Remedy" from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office dated February 19, 2014 (Id., p. 17.); (5) A copy of the "Rejection Notice – Administrative Remedy" from the Administrative Remedy Coordinator at the Central Office dated April 9, 2014 (Id., p. 17.); (6) A copy of a letter dated March 24, 2014, from Supervisory Attorney Debbie Stevens addressed to Plaintiff regarding his request for a copy of labels from salad dressings served at FCI McDowell during the month of October, 2013 (Id., pp. 19 - 20.); (7) A copy of a letter dated May 9, 2014, from Supervisory Attorney Stevens addressed to Plaintiff regarding his request for a copy of a printout showing the year, month, date, and time his ID card was scanned at mainline for the month of October, 2013 (Id., pp. 21 - 23.); (8) A copy of a Certified Mail Receipt (Id., p. 24.); (9) A copy of an "Inmate to Staff Message" regarding the delivery of the certified mail (Id., p. 25.); (10) A copy of "USPC Tracking" from USPS.com (Id.,

---

[3] Negligent acts by prison officials causing an unintended denial of religious rights does not violate the Free Exercise Clause or Religious Freedom Restoration Act ["RFRA"]. *See Lovelace v. Lee*, 472 F.3d 174, 194 - 201 (4th Cir. 2006)(finding that "negligence . . . does not suffice to meet the fault requirement under section 3 of RLUIPA" and "negligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause"); *also see Kyles v. Atkinson*, 2014 WL 4249878 (D.S.C. Aug. 26, 2014)(RFRA and RULIPA cases are relied upon interchangeably because of their substantial similarity); *Lebron v. Rumsfeld*, 670 F.3d 540, 557 (4th Cir. 2012), *cert. denied*, ___ U.S. ___, 132 S.Ct. 2751, 183 L.Ed.2d 616 (2012)(stating that the Congress "created a parallel statutory scheme, using virtually identical language, in which 'RFRA continue[s] to apply to the federal government' and RLUIPA 'mirror[s] the provisions of RFRA' in suits against the states concerning land regulation or institutionalized persons.")

p. 26.); (11) A copy of a letter dated August 26, 2014, from Supervisory Attorney Stevens addressed to Plaintiff acknowledging receipt of Administrative Claim Number TRT-MXR-2014-05873 (Id., p. 27.); (12) A copy of a letter dated September 5, 2014, from Supervisory Attorney Stevens addressed to Plaintiff regarding the denial of Administrative Claim Number TRT-MXR-2014-05873 (Id., p. 28.); (13) A copy of Plaintiff's Affidavit (Document No. 3, pp. 4 - 6.); and (14) A copy of Program Statement P4700.06, Food Service Manual (Id., pp. 23 - 26.).

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

The Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq.*, authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Inmates may file claims of liability against the United States but may not assert claims of personal liability against prison officials for violations of their constitutional rights under the FTCA. Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980). In order to maintain a case against the United States under the FTCA, Plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under law of the State in which the action accrued. In the instant case, Plaintiff alleges that the negligence of prison staff resulted in Plaintiff consuming a pork-based product in violation of his religious beliefs. To the extent Plaintiff alleges that prison staff's negligence caused a constitutional violation, the FTCA "does not provide a remedy for constitutional torts." Ready Transportation, Inc. v. Military Traffic Management Command, 86 Fed.Appx. 561, 565 (4th Cir. 2004); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001)("[A] federal constitutional tort cannot provide the source of law under the FTCA"); Godbey v. Wilson, 2014 WL 794274

5

(E.D.Va. Feb. 26, 2014)("[T]he FTCA provides no jurisdiction for this Court to entertain plaintiff's claims that his inabilities to use alcoholic mead in religious ceremonies and to wear his hlath at all times violated his rights under the First and Fifth Amendments"); Harrison v. Federal Bureau of Prisons, 464 F.Supp.2d 552, 558 (E.D.Va. Dec. 14, 2006)("Because plaintiff has failed to allege a cognizable state law tort claim, his FTCA claim must fail.").

Furthermore, Plaintiff does not allege that he suffered any physical injury due to his consumption of the pork-based salad dressing. The Prison Litigation Reform Act [PLRA] expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other Courts have held that the "physical injury" need not be significant, but it must be more than *de minimis*. See Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Zehner v. Trigg, 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." Knussman v. Maryland, 272 F.3d 625, 640 (4th Cir. 2001)(*quoting* \sect plain Price v. City of Charlotte, 93 F.3d 1241, 1254 (4th Cir. 1996)(internal quotation marks omitted). In his Complaint, Plaintiff requests compensatory and punitive damages for prison staff's negligent conduct allegedly causing Plaintiff to consume pork-based salad dressing in

violation of his religious beliefs. (Document No. 1, p. 12.) Plaintiff, however, fails to allege any facts supporting the existence of a physical injury as a result of prison staff's conduct. See Rogers v. United States, 696 F.Supp.2d 472 (W.D.Pa. March 10, 2010)(dismissing a FTCA claim alleging prison staff's negligence resulted in a violation of plaintiff's religious rights). Plaintiff's conclusory allegation that he is entitled to monetary damages is inadequate.[4] Based upon the foregoing, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

---

[4]  To the extent Plaintiff is asserting a claim under the RFRA, Plaintiff's claim is without merit. RFRA provides that the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section." 42 U.S.C. § 2000bb-1(a). Subsection (b) provides that the Government may substantially burden a person's exercise of religion if it demonstrates that the application of the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). RFRA's waiver of the federal government's sovereign immunity, however, does not extend to monetary damages. *Oklevueha Native American Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012)("Just like the identical language in RLUIPA, RFRA's authorization of 'appropriate relief' is not an 'unequivocal expression' of the waiver of sovereign immunity to monetary claims."); *Webman v. Federal Bureau of Prisons*, 441 F.3d 1022, 1025-26 (D.C. Cir. 2006)("RFRA does not waive the federal government's sovereign immunity for damages."); *Somie v. GEO Group Inc.*, 2012 WL 1596725, * 4 (E.D.N.C. May 7, 2012)(finding that "plaintiff's RFRA claims are barred pursuant to sovereign immunity"). Although the Fourth Circuit has not specifically addressed the above issue, the Fourth Circuit has determined that RLUIPA does not authorize claims for monetary damages. *Rendelman v. Rouse*, 569 F.3d 182, 187-89 (4th Cir. 2009); *also see Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011)(finding that States did not waive "their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver"); *Patterson v. West Virginia Regional Jail and Correctional Facility Authority*, 2012 WL 3308607, * 7, fn. 7 (S.D.W.Va. July 3, 2012)(noting that plaintiff's RLUIPA claim failed because he asked only for money damages, which are not available under the act). RFRA and RULIPA cases are relied upon interchangeably because of their substantial similarity. *Kyles v. Atkinson*, 2014 WL 4249878 (D.S.C. Aug. 26, 2014); *also see Lebron v. Rumsfeld*, 670 F.3d 540, 557 (4th Cir. 2012), cert. denied, ___ U.S. ___, 132 S.Ct. 2751, 183 L.Ed.2d 616 (2012)(stating that the Congress "created a parallel statutory scheme, using virtually identical language, in which 'RFRA continue[s] to apply to the federal government' and RLUIPA 'mirror[s] the provisions of RFRA' in suits against the states concerning land regulation or institutionalized persons.") Based on the foregoing, Plaintiff's claim should be dismissed to the extent he is seeking monetary damages pursuant to the RFRA.

that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 4), **DISMISS** Plaintiff's Complaint (Document No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: May 11, 2016.

Omar J. Aboulhosn
United States Magistrate Judge