IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MARVIN X. DAMON,

        Plaintiff,

v.                                     Civil Action No: 1:15-02216

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The magistrate judge submitted his proposed findings and recommendations ("PF&R") on May 11, 2016.  In the PF&R, Magistrate Judge Aboulhosn recommended that the court deny plaintiff's application to proceed without prepayment of fees, dismiss plaintiff's complaint, and remove the matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Plaintiff timely filed objections to the PF&R on June 6, 2016.[1]

---

[1] Plaintiff filed a motion for an extension of time to file objections to the PF&R. (ECF No. 20).  That motion is **GRANTED** and his objections are deemed to be timely filed.

Plaintiff is a federal inmate formerly incarcerated at the Federal Correctional Institution located in McDowell County, West Virginia.  On February 25, 2015, plaintiff, acting pro se, filed the instant complaint seeking relief under the Federal Tort Claims Act ("FTCA").  Plaintiff's complaint alleges that, in October of 2013, FCI McDowell staff acted negligently by failing to label the salad dressing placed on the food bar.  According to Damon, a practicing Muslim, proper labeling of the salad dressing was necessary in order for him to determine if the salad dressing contained pork or a pork byproduct.  Damon further contends that he consumed the unlabelled salad dressing which, according to him, contained pork or pork byproducts and, therefore, he violated his religious beliefs.

Plaintiff's first objects that the magistrate judge was entitled to consider only his economic status, and not the merits of his case, in ruling on his motion to proceed in forma pauperis.  However, plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915A.  That statute directs a district court to conduct an early review of any action filed by a prisoner against "a governmental entity or officer or employee of a governmental entity" and to dismiss any claims that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  Likewise, the in forma pauperis statute, which permits an indigent litigant to commence an action

in federal court without prepaying the administrative costs of proceeding with the lawsuit, also allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff cites no authority for the proposition that Magistrate Judge Aboulhosn was required to reach the merits of his in forma pauperis application, under 28 U.S.C. § 1915, before turning to the mandatory screening required under 28 U.S.C. § 1915A. Indeed, § 1915A mandates that a court make the requisite review "before docketing, if feasible or, in any event, as soon as practicable after docketing. . . ." 28 U.S.C. § 1915A(a). Accordingly, Damon's first objection is without merit and **OVERRULED**.

Plaintiff next objects that the magistrate judged erred in dismissing his complaint prior to requiring a responsive pleading from the United States. However, as noted above, the text of § 1915A undermines Damon's argument as the statute contemplates that the requisite screening happen as early as possible -- preferably "before docketing." As such, there is no requirement that the court wait until a responsive pleading is filed in order to do so. See Jones v. Bock, 549 U.S. 199, 213 (2007) (noting that screening under 1915A "may take place before any responsive

3

pleading is filed"); see also Black v. United States, Civil Action No 4:14-CV-502-O, 2016 WL 54369, *1 (N.D. Tex. Jan. 5, 2016) ("Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry."). Likewise, the in forma pauperis statute does not require a responsive pleading be filed prior to dismissal. See Rogers v. Isom, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("District courts have broad discretion to dismiss complaints without issuance of process when an examination of the record reveals the action is `frivolous or malicious' within the meaning of 28 U.S.C. § 1915(d)"); see also Todd v. Baskerville, 712 F.2d 70, 71 (4th Cir. 1983) (affirming dismissal of suit "as frivolous under § 1915(d) without requiring any responsive pleading by the defendant). Plaintiff's objection is without merit and **OVERRULED**.

Plaintiff's third objection is to the magistrate judge's observation that the FTCA does not provide a remedy for constitutional torts. According to Damon, he is not alleging that the prison officials violated his constitutional rights but, rather, that their negligence led him to violate his own religious beliefs. This is really a distinction that makes no difference and the magistrate judge was correct that, to the extent Damon's complaint is founded on a constitutional tort, he may not proceed under the FTCA. Godbey v. Wilson, No. 1:12cv1302

4

(TSE/TRJ), 2014 WL 794274, at *4 (E.D. Va. Feb. 26, 2014) ("Thus, the FTCA provides no jurisdiction for this Court to entertain plaintiff's claims that his inabilities to use alcoholic mead in religious ceremonies and to wear his hlath at all times violate his rights under the First and Fifth Amendments."); see also Ready Trans., Inc. v. Military Traffic Mgmt. Command, 86 Fed. App'x 561, 565 (4th Cir. Jan. 22, 2004) ("FTCA does not provide a remedy for constitutional torts."); Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001) ("[A] federal constitutional tort cannot provide the source of law under the FTCA"). In any event, Magistrate Judge Aboulhosn did not recommend dismissal of Damon's FTCA claim for this reason and, therefore, plaintiff's objection is **OVERRULED**.

The PF&R recommends dismissal because plaintiff did not allege that he suffered a physical injury, as required by the Prison Litigation Reform Act ("PLRA"). Damon's fourth objection goes to this conclusion and he argues that he does not have to show a physical injury to proceed with his FTCA claim. Damon is wrong. The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §

5

1997e(e).[2] Therefore, given plaintiff's acknowledgment that he did not allege a physical injury because he thought he did not have to do so, dismissal is appropriate. Sisney v. Reisch, 674 F.3d 839, 843 (8th Cir. 2012) (finding PLRA barred prisoner's free exercise claims because there was no allegation of physical injury). Plaintiff's fourth objection is **OVERRULED**.

Damon's final objection is related to his second objection. He argues that, in the court's initial screening of this matter, the court should not "defend and/or argue" this case on behalf of the United States. ECF No. 21 at p.3. However, as noted above, the court is required to screen his complaint and it may dismiss the case even before the United States has appeared. Accordingly, this objection is **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and

---

[2] The FTCA also requires a physical injury. 28 U.S.C. § 1346(b)(2) provides that "[n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." See Zierke v. United States, No. 16-1734, 2017 WL 541407, *1 (3d Cir. Feb. 10, 2017) (noting that dismissal was appropriate under the FTCA where inmate "did not allege any physical injury resulting from restrictions on his religious practice"); Michtavi v. United States, 345 F. App'x 727, (3d Cir. Sept. 21, 2009) ("The FTCA provides that a prisoner such as Michtavi may not recover compensatory damages for exclusively mental or emotional injuries without also showing an accompanying physical injury."); Rosales v. Watts, 2:15-cv-94, 2016 WL 1064578, *6 (S.D. Ga. Mar. 15, 2016) ("Therefore, the physical injury exception provides yet another bar to Plaintiff's FTCA claims.").

recommendations contained therein.  Accordingly, the court hereby **DENIES** plaintiff's application to proceed without prepayment of fees; **DISMISSES** plaintiff's complaint; and **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 7th day of March, 2017.

ENTER:

*[signature: David A. Faber]*

David A. Faber
Senior United States District Judge